## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

| | |
|---|---|
| CHURCH GIRLS, LLC, | Civ. Action No. _____ |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| Natasha Shae Rodgers, Pope Harvey, Jamie Lee, Keith Peters, and Stevenson Sullivan, | |
| Defendants. | |

## COMPLAINT

Plaintiff Church Girls, LLC ("Plaintiff"), by counsel, files this complaint against Natasha Shae Rodgers, Pope Harvey, Jamie Lee, Keith Peters, and Stevenson Sullivan (collectively, "Defendants"), and in support thereof, states as follows:

### NATURE OF THE CASE

1. This is a civil action for trademark infringement, false advertising, false designation of origin, and dilution by tarnishment under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and (c), common law trademark infringement under Florida law, and violation of the Florida Deceptive and Unfair Trade Practices Act, F.S. § 501.201, *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Plaintiff's federal claims

and arise from a common nucleus of operative facts such that the administration of Plaintiff's state law claims with its federal claims furthers the interest of judicial economy.

4. This Court has personal jurisdiction over Defendants because they reside and actively conduct business in the State of Florida.

5. Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(1) because all Defendants reside in this District.

6. Alternatively, venue is proper in this judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in this District.

## THE PARTIES

7. Plaintiff, Church Girls, LLC, is a limited liability company formed and operating under the laws of the State of Pennsylvania, with its principal place of business at Two Bala Plaza, #300, Bala Cynwyd, Pennsylvania.

8. On information and belief, Defendants Natasha Shae Rodgers, Pope Harvey, Jamie Lee, Keith Peters, and Stevenson Sullivan are members of a musical group trading under the name "Church Girls," which is headquartered in St. Lucie, Florida and can be found on the music website "Bandcamp" at https://churchgirlsfl.bandcamp.com/ and https://www.facebook.com/ChurchGirlsFL/, which describes the band as "GRIMEY SOUTH FLORIDA ORGY ANTHEMS" in the "About" section of their Facebook page. Defendants conduct significant activities throughout the State of Florida in connection with the Church Girls group.

## **FACTS**

9. In July 2014, Pennsylvania siblings Mariel and Max Beaumont formed an indie band with two of their friends, Evan Anders and Jack Firneno.

10. The quartet named the band "Church Girls," and established the Pennsylvania entity, Church Girls, LLC, to streamline the business aspects of the band's operation.

11. In March 2017, Church Girls, LLC filed a federal trademark application for the mark CHURCH GIRLS, used in connection with *Musical recordings; Musical sound recordings; Musical video recordings; Audio and video recordings featuring music and artistic performances; Downloadable musical sound recordings; Phonograph records featuring music; Series of musical sound recordings* in International Class 9.  The application claimed a date of first use of at least as early as September 2, 2014. *See* attached Exhibit A.

12. On September 17, 2017, the United States Patent and Trademark Office granted Church Girls, LLC a certificate of registration for the mark CHURCH GIRLS, U.S. Reg. No. 5,291,008. *See* attached Exhibit B.

13. Plaintiff Church Girls, LLC has made continuous use of the CHURCH GIRLS® mark in commerce since 2014.

14. The band writes and performs their own music and lyrics and describe their recordings as "female-led, dreamy indie rock / post-punk."

15. The band is well known in the indie field for their contemporary, post-punk sound and introspective lyrics. Their activities and releases are closely watched by fans and music critics (PopMatters, WXPN, and Culture Collide, among others).

16.     The band's musical recordings are available on iTunes, Spotify, and Bandcamp (a website indexing and profiling musical bands), among other platforms, and the band offers live performances and tours across the country.

17.     The CHURCH GIRLS® mark has gained significant goodwill and renown in connection with Plaintiff's goods and services.

18.     After Plaintiff became well-known in association with the CHURCH GIRLS® mark, a band in Florida adopted the CHURCH GIRLS® mark without the Plaintiff's authorization.

19.     The Florida "Church Girls" band is comprised of Defendants Natasha Shae Rodgers, Pope Harvey, Jamie Lee, Keith Peters, and Stevenson Sullivan. The band is headquartered in St. Lucie, Florida.

20.     Defendants characterize their musical offerings as "Grimey South Florida Orgy Anthems." Defendants' Instagram page (https://instagram.com/Official_Church_Girls) describes Defendants' music as "Beer spittin', d*** suckin', cl**[1] flickin', rock n roll!"

21.     Defendants' musical recordings are available on iTunes, Spotify, and Bandcamp. These recordings include tracks entitled "Blood Farts," "Jamie's Anxiety Wears a Medium," "Brothel Sprouts," "Gag Me," and "Make it Clap," as well as an album entitled "Suckin D*** Demo." These recordings are each offered under the name "Church Girls."

---

[1] Expletives deleted, available on the Defendants' Instagram page at https://instagram.com/Official_Church_Girls https://instagram.com/Official_Church_Girls.



*See* attached Exhibit C.

22.     Defendants perform live shows and tour under the name "Church Girls."

23.     Defendants' online presence is directly competitive with Plaintiff's online presence. Defendants' Bandcamp profile, "churchgirlsfl.," is the second result in a Google search engine query for "Church Girls."  Google's mobile search feature further incorrectly attributes Defendants' "Seup Unpes" album to Plaintiff:



24. Defendants have also copied Plaintiff's song titles and album artwork. Plaintiff released a single entitled "Church Girls" in 2015. The single's album cover depicted a figure with an animal's head:



Defendants released an album entitled "Church Girls" in 2016. Defendants' album cover depicted a figure with an animal's head:



25. Defendants' Instagram account, "official_church_girls," has 1,525 followers, and frequently displays obscene and derogatory content in connection with the "Church Girls" name. This content includes photographs and illustrations of naked individuals, pictures of band members making obscene or lewd hand gestures, and news clips about public disturbances caused by drunken band members.

26. Shortly after Defendants adopted the CHURCH GIRLS® mark without authorization, Plaintiff contacted them to inform them of Plaintiff's rights in and prior use of the CHURCH GIRLS® mark. Plaintiff requested that Defendants rebrand. Defendants did not rebrand.

27. Concerned about the continued impact of Defendants' unauthorized activities on the goodwill associated with the CHURCH GIRLS® mark, Plaintiff's attorney contacted Defendants on May 16, 2018 to request that they cease and desist their use of the mark.

28. In response, Defendants shared Plaintiff's letter on their Facebook page in a post that derided Plaintiff's music and described Plaintiff as an "egomaniac[]:"



29.     Defendants did not cease use of the CHURCH GIRLS® mark.

30.     Defendants have knowingly and intentionally marketed, and continue to market, products and services under the "Church Girls" name, which is identical to Plaintiff's CHURCH GIRLS® mark, even after being made explicitly aware of their (the Defendants' infringing activity)

31.     Through these actions, Defendants seek to benefit from the goodwill and renown of the CHURCH GIRLS® mark and confuse and mislead the consuming public.

32.     Defendants' competing goods and services are easily encountered by an ordinary consumer searching Google or iTunes for "Church Girls."  The title of Defendants' actively-used Instagram account, "official_church_girls," further suggests that consumers looking for goods or services offered by a "Church Girls" group can end their search upon finding the Defendants.

8

33. Plaintiff must expend time and resources to correct the misrepresentations and unfavorable publicity generated by Defendants' unauthorized use of the CHURCH GIRLS® mark.

34. Defendants' misleading and unauthorized use of the CHURCH GIRLS® mark and the consumer confusion generated by this misuse have caused and will continue to cause significant and lasting harm to Plaintiff.

## COUNT I

### (Federal Trademark Infringement Under 15 U.S.C. § 1051, *et seq*.)

35. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

36. Defendants have previously sold and are currently selling goods and services under the name "Church Girls."

37. These goods and services are the same or highly similar to goods and services that Plaintiff sells or presents for sale under its registered CHURCH GIRLS® mark.

38. With full knowledge and awareness of Plaintiff's ownership of its CHURCH GIRLS® mark, Defendants have used and continue to use "Church Girls" in interstate commerce in a manner likely to cause confusion, or to cause mistake, or to deceive the public as to the source, sponsorship, or approval of their mark, products, goods, and services.

39. Defendants' infringement of Plaintiff's CHURCH GIRLS® mark is willful and deliberate and deprives Plaintiff of the benefit of the goodwill and reputation affiliated with the CHURCH GIRLS® mark, in violation of 15 U.S.C. § 1114(1).

40. Plaintiff has no adequate remedy at law against Defendants' trademark infringement.

41. Plaintiff has suffered financial damage and immediate and irreparable harm by virtue of Defendants' actions and will continue to be harmed unless granted relief by this Court.

42. This is an extraordinary case of willful infringement because Defendants have willfully and maliciously continued their infringement of the CHURCH GIRLS® mark despite actual notice of Plaintiff's mark and despite requests to cease and desist such infringement.

## COUNT II

### (False Advertising and False Designation of Origin Under 15 U.S.C. § 1125(a))

43. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

44. Defendants have sold or presented for sale goods and services that infringe upon Plaintiff's rights in the CHURCH GIRLS® mark.

45. With full knowledge and awareness of Plaintiff's ownership of the CHURCH GIRLS® mark, Defendants' use of Plaintiff's mark constitutes a false designation of origin or false misrepresentation in commercial advertising and promotion that is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to whether Plaintiff has sponsored, approved, or authorized Defendants' services, or is otherwise connected to or affiliated with them, all in violation of 15 U.S.C. § 1125(a).

46. Defendants' acts of unfair competition are willful, deliberate, and deprive Plaintiff of the benefit of its CHURCH GIRLS® brand name, goodwill, and reputation.

47. Plaintiff has suffered damage and immediate and irreparable harm by virtue of Defendants' actions and will continue to be harmed unless granted relief by this Court. Plaintiff has no adequate remedy at law against Defendants' false advertising and false designation of origin.

48. This is an extraordinary case of willful infringement because Defendants have willfully and maliciously continued their infringement of the CHURCH GIRLS® mark despite actual notice of Plaintiff's mark and despite requests to cease and desist such infringement.

## COUNT III

**(Dilution by Tarnishment Under 15 U.S.C. § 1125(c))**

49. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

50. The CHURCH GIRLS® mark has acquired fame and renown through its use in identifying music produced by a leading indie band.

51. The CHURCH GIRLS® mark is widely recognized as a designation of the source of Plaintiff's products and services.

52. Defendants have used the entirety of the CHURCH GIRLS® mark without authorization to market competing goods and services.

53. Defendants have knowingly and willfully committed dilution by tarnishment by using the CHURCH GIRLS® mark in connection with obscene, derogatory, and scandalous material. This material is used in Defendants' advertising and promotion, and is incorporated in the content of Defendants' musical products and services.

54. These actions injure the reputation and goodwill that Plaintiff has acquired in connection with the CHURCH GIRLS® mark.

55. Defendants have obtained, and will continue to obtain, substantial profits and gain from their tarnishment of the CHURCH GIRLS® mark.

56. Plaintiff has suffered damage and immediate and irreparable harm by virtue of Defendants' actions, and will continue to suffer harm unless granted relief by this Court.

## COUNT IV

### (Common Law Trademark Infringement)

57. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

58. Defendants have sold or presented goods and services for sale to third parties without authorization from Plaintiff under a mark confusingly similar to Plaintiff's CHURCH GIRLS® mark.

59. With full knowledge and awareness of Plaintiff's ownership of the CHURCH GIRLS® mark, Defendants have used and continue to use Plaintiff's mark in interstate commerce in a manner likely to cause confusion, or to cause mistake, or to deceive the public as to the source, sponsorship, or approval of such goods and services.

60. Defendants have passed off their goods and services as those of Plaintiff.

61. These actions are in violation of the common law of Florida.

62. Defendants' infringement of Plaintiff's CHURCH GIRLS® mark is and has been willful and deliberate.

63. Defendants' infringement of Plaintiff's CHURCH GIRLS® mark deprives Plaintiff of the benefit of the goodwill and reputation associated with the CHURCH GIRLS® mark.

64. Plaintiff has no adequate remedy at law against Defendants' trademark infringement.

65. Plaintiff has suffered damage and immediate and irreparable harm by virtue of Defendants' actions, and will continue to suffer harm unless granted relief by this Court.

## COUNT V

**(Violation of the Florida Deceptive and Unfair Trade Practices Act, F.S. § 501.201, *et seq*.)**

66. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

67. Defendants have sold or presented goods and services for sale to third parties without authorization from Plaintiff under a mark confusingly similar to Plaintiff's CHURCH GIRLS® mark.

68. Defendants have passed off their goods and services as those of Plaintiff.

69. Defendants' use of a mark confusingly similar to Plaintiff's CHURCH GIRLS® mark is likely to mislead reasonable consumers as to the affiliation, connection, or association of Defendants with Plaintiff, or as to whether Plaintiff has sponsored, approved, or authorized Defendants' good or services or is otherwise connected to them.

70. Such conduct constitutes unfair competition under the Florida Deceptive and Unfair Trade Practices Act.

71. Plaintiff has no adequate remedy at law against Defendants' acts of unfair competition.

72. Plaintiff has suffered damage and immediate and irreparable harm by virtue of Defendants' actions, and Plaintiff will continue to be harmed unless granted relief by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to order, adjudge, and decree as follows:

A. Issue an order directing that Defendants, and each of their agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them be enjoined and restrained, preliminarily, perpetually, and permanently from:

       1.       Using the CHURCH GIRLS® mark or a mark confusingly similar to the CHURCH GIRLS® mark in any manner, alone or in combination with any other word or words;

       2.       Attempting to or passing-off, or inducing or enabling others to sell or pass-off, any product or service as a product or service affiliated with or sponsored by Plaintiff;

       3.       Committing any acts calculated or intended to cause purchasers to believe falsely that any of Defendants' unauthorized products or services are associated with, sponsored by, approved by, guaranteed by, connected with, permitted by, or produced under the control and supervision of Plaintiff;

       4.       Making any online use of the CHURCH GIRLS® mark, alone or in combination with any other word or words, whether in a domain name, on a profile page, or in a public posting;

       5.       Otherwise competing unfairly with Plaintiff in any manner;

       6.       Obtaining, possessing, shipping, delivering, distributing, returning, or otherwise disposing of in any manner advertising materials, goods, products, services, or inventory bearing the CHURCH GIRLS® mark, alone or in combination with any other word or words;

       7.       Continuing to perform any infringing acts in any manner whatsoever.

B.       Award Plaintiff compensatory damages against Defendants in an amount to be determined at trial, plus costs of suit, reasonable attorneys' fees, and pre-judgment and post-judgment interest at the statutory rates;

C.	Award Plaintiff all gains, revenues, and profits derived by Defendants from their wrongful, infringing, and willful use of the CHURCH GIRLS® mark;

D.	Award Plaintiff a reasonable royalty for Defendants' wrongful, infringing, and willful use of a mark confusingly similar to the CHURCH GIRLS® mark;

E.	Award Plaintiff its pre- and post-judgment interest, and all costs, statutory damages, and attorneys' fees incurred in this matter (*see* Lanham Act; F.S. § 501.201, *et seq.*);

F.	Require Defendants to immediately deliver to Plaintiff or its attorneys for destruction any and all brochures, circulars, labels, signs, prints, packages, wrappers, advertising matter, promotional material, and other material in its possession or control bearing the CHURCH GIRLS® mark, alone or in combination with any other word or words, or any other words or symbols which so resemble said Mark as to be likely to cause confusion, mistake, or deception, which can be used in connection with the advertising, offering for sale, or sale of any product or service which is not manufactured, distributed, or expressly authorized in writing by Plaintiff.

G.	For all such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury.

Dated:  June 19, 2018	Respectfully submitted,

/s/ Gus M. Centrone_____
Gus M. Centrone (FL Bar No. 30151)
Dunlap Bennett & Ludwig PLLC
612 W. Bay Street
Tampa, Florida 33606
(813) 360-1529
(813) 336-0832
gcentrone@dbllawyers.com

Thomas M. Dunlap, Esq. (VA Bar No. 44016)
David Ludwig, Esq. (VA Bar No. 73157)
Mary Witzel, Esq. (VA Bar No. 88117)
Dunlap Bennett & Ludwig PLLC
211 Church Street, SE
Leesburg, Virginia 20175
(703) 777-7319 (t)
(703) 777-3656 (f)
tdunlap@dbllawyers.com
dludwig@dbllawyers.com
mwitzel@dbllawyers.com
*Counsel for Plaintiff*

*Pro hac vice pending*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document will be served on Defendants via process server along with a Summons issued by the Court.

*/s/ Gus M. Centrone*

Gus M. Centrone