UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:18-CV-14232-ROSENBERG/MAYNARD

CHURCH GIRLS, LLC,

   Plaintiff,

v.

NATASHA SHAE RODGERS, POPE HARVEY,
JAMIE LEE, KEITH PETERS, and STEVENSON
SULLIVAN,

   Defendants.
_____/

## ORDER GRANTING IN PART
## AND DENYING IN PART COUNTER-DEFENDANT'S
## MOTION TO DISMISS AND MOTION TO STRIKE [DE 31]

**THIS CAUSE** is before the Court on Counter-Defendant, Church Girls' Motion to Dismiss Count I of the Counterclaim and Strike Counter-Plaintiff's Request for Attorney's Fees, DE 31. Counter-Plaintiffs, Natasha Shae Rodgers and Sean P. Harvey, filed a Response, DE 41. The Motion is now ripe without a reply. For the reasons set forth below, Counter-Defendant's Motion is granted in part and denied in part.

### I.    BACKGROUND

This trademark infringement action concerns two bands, located in the northeast and the southeast United States, performing and producing music under the same name – "Church Girls." Plaintiff, Church Girls LLC, is a limited liability company, which was formed and is operating under Pennsylvania law. DE 1, ¶ 7. The LLC is used to streamline the business aspects of a band by the same name, consisting of four individuals and formed in July 2014. *Id.* In March 2017, Church Girls LLC applied for a federal trademark of the name "Church Girls," which was granted on September 17, 2017. *Id.* ¶ 11–12.

Defendants, Natasha Shae Rodgers, Pope Harvey, Jamie Lee, Keith Peters, and Stevenson Sullivan, are also members of a band performing under the band name of Church Girls. *Id.* ¶ 19. Defendants perform in the State of Florida and claim to have used the band name "Church Girls" prior to Plaintiff Church Girls LLC's use of the name, specifically, beginning in May 2014. DE 18, 13 ¶ 2. To make it clear which band the Court is referring to, the Philadelphia-based band is referred to as PA-Church Girls (PACG), and the Florida-based band is referred to as FL-Church Girls (FLCG).

PACG filed this lawsuit on June 19, 2018, DE 1, alleging federal trademark infringement in violation of 15 U.S.C. § 1051 ("Count I"), false advertising and false designation of origin under 15 U.S.C. § 1125(a) ("Count II"), dilution by tarnishment under 15 U.S.C. § 1125(c) ("Count III"), common law trademark infringement ("Count IV"), and violation of the Florida Deceptive and Unfair Trade Practices Act ("Count V").

FLCG filed its Answer, Affirmative Defenses, and Counterclaims on July 20, 2018, DE 18. There, FLCG denied the allegations of the Complaint, DE 1; asserted thirteen grounds of affirmative defenses; and asserted two counterclaims. *Id.* FLCG seeks cancellation of PACG's registered trademark ("Count I") and a declaration of non-infringement ("Count II"). *Id.*

PACG responded by moving to dismiss FLCG's Count I for trademark cancellation and to strike FLCG's request for attorney's fees. DE 31.

**II.   PACG'S MOTION TO DISMISS COUNT I, TRADEMARK CANCELLATION**

A.  <u>Standard of Review</u>

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must accept all factual allegations in a complaint as true and take them in the light most

favorable to the plaintiff; however, a plaintiff is still obligated to provide grounds for his or her entitlement to relief, which requires more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561–563 (2007). Unwarranted deductions of fact in a complaint cannot be admitted as true for the purposes of testing the sufficiency of the allegations. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). The facts as pled must state a claim for relief that is plausible on the face of the pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–69 (2009).

Fraud claims are held to a higher standard, and must be alleged "with particularity." Fed. R. Civ. P. 9(b). However, intent and "other conditions of a person's mind may be alleged generally." *Id.* Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370–71 (11th Cir.1997) (quoting *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988)) (internal quotation marks omitted). The application of Rule 9(b) at the motion to dismiss stage, however, "must not abrogate the concept of notice pleading." *Durham v. Bus. Mgmt. Assocs.,* 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir.1984)). Rule 9(b) is satisfied if the complaint or counter claim articulates:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making [it], and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks,* 116 F.3d at 1371 (internal quotation omitted).

B. Discussion

In its Counterclaim, DE 18, FLCG claims that PACG's registered trademark should be cancelled, because the trademark was obtained through false statements in violation of 15 U.S.C. § 1051(a)(3)(D), pursuant to 15 U.S.C. § 1064. In its Motion to Dismiss and Strike, DE 31, Movant PACG argues that this claim is not adequately pled, because the counterclaim does not sufficiently plead the subjective intent necessary to establish a claim of false statements to the Patent and Trademark Office (PTO): "[FLCG] have not pled that [PACG] possessed the requisite subjective intent to defraud the Trademark Office." DE 31, 7.

Applicants for the use of a trademark must verify and swear that "to the best of the verifier's knowledge and belief, no other person has the right to use such mark in commerce. . ." 15 U.S.C. § 1051. A litigant may seek cancellation of the mark if it was obtained through fraud on the PTO. 15 U.S.C. §§ 1064(3), 1119; *see also Sovereign Military Hospitaller v. Fla. Priory of Knights Hospitallers*, 702 F.3d 1279 (11th Cir. 2012). The elements of fraud in trademark registration are as follows: (1) "[t]he challenged statement was a *false* representation regarding a *material* fact. (2) The person making the representation *knew* that the representation was false ('scienter'). (3) An *intent to deceive* the USPTO. (4) Reasonable *reliance* on the misrepresentation. (5) *Damage* proximately resulting from such reliance." 6 McCarthy on Trademarks and Unfair Competition § 36:61. "An applicant commits fraud when he 'knowingly makes false, material representations of fact in connection with an application for a registered mark.'" *Sovereign Military Hospitaller*, 702 F.3d at 1289 (quoting *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1209 (11th Cir. 2008)). To prove fraud, the party seeking cancellation must also demonstrate that the trademark applicant had "a purpose or intent to

deceive the PTO in the application for the mark." *Id.* (citing *In re Bose Corp.*, 580 F.3d 1240, 1243–1245 (Fed.Cir. 2009); *Angel Flight*, 522 F.3d at 1210–11 (affirming cancellation on the basis of the applicant's purposeful failure to disclose a superior user of the mark)). The party seeking cancellation of the mark must demonstrate that the registrant had the *subjective intent* to defraud the PTO: "[T]here is a material legal distinction between a 'false' representation and a 'fraudulent' one, the latter involving an intent to deceive, whereas the former may be occasioned by a misunderstanding, an inadvertence, a mere negligent omission, or the like. In other words, deception must be willful to constitute fraud." *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (internal quotations and citations omitted). However, the oath required as part of the trademark application "does not require an applicant to disclose all other persons who may be using the mark; it only requires an applicant to disclose those persons who the applicant believes possess the *legal right* to use the mark." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No 09-61490-CIV, 2011 WL 2174012 (S.D. Fla. June 2, 2011) (citing *Wurzburger Hofbrau Aktiengesellschaft v. Schoenling Brewing Co.*, 331 F.Supp. 497, 505 (S.D. Ohio 1971), aff'd 175 U.S.P.Q. 391 (6th Cir. 1972); *Money Store v. Harriscorp Finance, Inc.*, 689 F.2d 666, 671 (7th Cir.1982) (holding that applicant has no duty to investigate and disclose to the PTO all other possible users of the same or similar mark)) (emphasis in original).

Here, FLCG has alleged, and the Court must accept as true, the fact that at least one member of PACG had knowledge of FLCG's existence and their use of the name "Church Girls" as a band before PACG applied to register "Church Girls" as their exclusive mark. *See* DE 18, ¶ 8. FLCG alleges that prior to November 2014, a member of PACG had communicated with members of FLCG over a social media platform regarding their shared band name. *Id.* ¶ 7.

5

Following that communication, the same member of PACG messaged FLCG to say "we should get this sorted out" in reference to the two bands' use of the same name. *Id.* Nevertheless, PACG applied for an exclusive use trademark, as opposed to a geographically restricted registration. *See id.* ¶17–19. Based on PACG's knowledge of FLCG's existence, FLCG alleges that PACG made "willful false statements" to the PTO by "intentionally misrepresent[ing] to the USPTO that to the best of [PACG's] 'knowledge and belief, no other person has the right to use such mark.'" *Id.* ¶ 9.

The Court finds that at this stage of litigation, this knowledge, and FLCG's allegation that the misrepresentation was "willful," are sufficient for the counterclaim to survive a motion to dismiss. *See Brooks,* 116 F.3d at 1371. To satisfy the elements of fraud on the PTO, FLCG has alleged that PACG made a false representation of a material fact (because there was another user of the mark in the music industry, DE 18 ¶ 7 of the Counterclaim), that PACG knew the representation was false (because of PACG's online communications with FLCG, *id.*), that the PTO reasonably relied on the misrepresentation (because the mark was granted), and that FLCG has suffered damages as a result (because FLCG also performs under the band name "Church Girls," *id.* ¶ 15). As to the "intent to deceive" argument, FLCG has alleged this generally – that the misrepresentation was "willful," *id.* ¶ 16, and an "intentional[] misrepresentation," *id.* ¶ 9.

To satisfy the general pleading standard for fraud, FLCG has articulated exactly what omission was made (PACG's knowledge of FLCG's use of the band name), the time and place of that omission (in the trademark application), the content of the statement (that no other person has the right to use the mark), how the statement misled the PTO (the PTO issued the mark without knowledge of FLCG), and what PACG obtained as a result (the registered trademark).

6

*See id.* PACG is allegedly on notice about what fraud it committed – FLCG makes clear in its counterclaim that the fraud was contained in the trademark application by failing to disclose PACG's knowledge of FLCG. *See* DE 18, ¶¶ 16–18 of the Counterclaim. Finally, PACG's state of mind has been alleged "generally" as required by Federal Rule of Civil Procedure 9.

The Court notes that Movant PACG cites various cases holding that more than mere knowledge of another entity's use of the mark is required to prove fraud on the PTO. However, the cases cited all analyze the party's claim for cancellation at a more advanced stage of litigation. *See e.g.*, *Drew Estate Holding Co., LLC v. Fantasia Distribution, Inc.,* No. 11-21900-CIV, 2012 WL 12866790 (S.D. Fla. July 2, 2012) (order on summary judgment motion); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No 09-61490-CIV, 2011 WL 2174012 (S.D. Fla. June 2, 2011) (order on summary judgment motion); *Sovereign Military Hospitaller v. Fla. Priory of Knights Hospitallers*, 702 F.3d 1279 (11th Cir. 2012) (appellate review of bench trial). The exception is *Novoshen v. Bridgewater Assocs., LP.*, 47 F. Supp. 3d. 1367 (S.D. Fla. 2012) (Marra, J.) (order on motion to dismiss). In that case, the court granted a motion to dismiss because the claim for cancellation based on fraud was not sufficiently alleged. *Id.* at 1374. However, that case is factually distinguishable. There, the PTO was aware of the use of the mark by another entity besides the applicant. *Id.* The party seeking cancellation alleged that the applicant's representation that their two uses of the mark were distinct was misleading, but provided no basis for *why* the two uses were misleading. *Id.* This is different from the case at bar, where FLCG has put forth a specific fact which makes it plausible that PACG willfully mislead the PTO.

For all of the reasons stated above, PACG's Motion to Dismiss Count I of the

Counterclaim, DE 31, is denied.

### III. PACG'S MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES

In both counts of FLCG's counterclaims (Count I, Trademark Cancellation and Count II, Declaration of Non-Infringement), FLCG seeks attorney's fees. DE 18, 17–20. PACG's Motion to Dismiss and Strike, DE 31, argues that these claims for attorney's fees are not adequately pled and should be stricken pursuant to Federal Rule of Civil Procedure 12(f). Respondent FLCG concedes that the Motion to Strike should be granted as to its claim for trademark cancellation in Count I. DE 41 ¶ 29 ("[T]he Motion to Strike should . . . be granted . . . as to the request for attorney's fees in Count I."). Accordingly, the Court proceeds to analyze the Motion to Strike only as it pertains to FLCG's request for attorney's fees based on its claim for a declaration of non-infringement (Count II).

A. <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(f) permits the Court to strike a pleading, including a counterclaim, if it is "insufficient . . . redundant, immaterial, impertinent, or scandalous." While granting a motion to strike is "disfavored" by courts, "[t]he purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (Marra, J.).

B. <u>Discussion</u>

Section 1117 of Title 15 of the U.S. Code permits fee shifting for violations "of any right of the registrant of a mark registered in the Patent and Trademark Office." This fee-shifting provision specifies that the violations must be of "section 1125(a) or (d) of [Title 15], or a willful

violation under section 1125(c) of [Title 15]." Section 1125(a) relates to civil actions on claims for likelihood of confusion or false designation of origin; Section 1125(d) relates to civil actions on claims related to cyberpiracy; and Section 1125(c) relates to claims for dilution or tarnishment of a mark. In addition, Section 1117 allows fee shifting in "exceptional cases."

Movant PACG argues in its Motion to Strike that FLCG's claim for attorney's fees in Count II pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, does not fall into one of the fee-shifting categories of 15 U.S.C. § 1117 outlined above. DE 31, 9–10. FLCG responds that they are entitled to attorney's fees, because their claim for a declaration on non-infringement is "based on a declaration that infringement has not occurred" under any of the three specified sections of Title 15. DE 41, ¶ 29.

The Court finds Movant PACG's argument persuasive, in so far as the fee-shifting provision is only applicable to certain sections of Title 15, none of which Respondent FLCG apparently relies upon on the face of their Counterclaim. Respondent FLCG has cited no case law to suggest that Section 1117 creates a reverse entitlement for parties who have *not* violated the specified sections of Title 15. And, the doctrine of *expressio unis est exclusion alterius* ("the expression of one thing is exclusion of others") counsels against judicial creation of additional categories of claims to be covered by the fee-shifting provision if not expressly included. *Cf. Greenber v. Nat'l Geographic Soc.*, 533 F.3d 1244, 1278 (11th Cir. 2008).

When confronted with a similar issue, another court in this district dismissed a claim for attorney's fees by a party seeking a declaration that it had acted lawfully:

> [Respondent] was not asserting a cause of action for a violation by [Movant] under 15 U.S.C. § 1125. Rather, they were seeking a determination pursuant to 15 U.S.C. § 1114(2)(D)(v) that they had not violated those provisions. The award of profits, damages, and costs of the action would have been granted to [Movant] if it had filed an action

> under § 1125(a) or (d) and established that [Respondent] had violated their rights to the mark. 15 U.S.C. § 1125(a), (d). 15 U.S.C. § 1114(2)(D)(v) only provides relief in the form of a declaration that the domain name usage was not unlawful and "injunctive relief ... including the reactivation of the domain name or transfer of the domain name." 15 U.S.C. § 1114(2)(D)(v). *[Respondent] is not entitled to an award of costs under either sections 1114(2)(D)(v), 1114(2)(D)(iv), or 1125 for seeking a declaration that it was not itself acting unlawfully.*

*MailPlanet.com, Inc. v. Lo Monaco Hogar, S.L.*, No. 06-60823-CIV, 2007 WL 9698307, at *6 (S.D. Fla. 2007) (Dimitrouleas, J.) (slip copy) (emphasis added). On appeal, the Eleventh Circuit acknowledged the district court's finding that Respondent was not eligible for attorney's fees, but did not rule on this issue, because it was not raised by the parties on appeal. *MailPlanet.com, Inc. v. Lo Monaco Hogar, S.L.*, 291 F. App'x 229, 231, n. 5 (11th Cir. 2008).

Furthermore, the Court notes that FLCG's response to this argument is tantamount to a default under Local Rule 7.1(c). ("Failure to [respond] may be deemed sufficient cause of granting the motion by default,"). FLCG has responded to the Motion to Strike in a paragraph of just six lines. The paragraph does not directly address Movant PACG's argument that Count II of FLCG's Counterclaim, DE 18, proceeds under 28 U.S.C. § 2201, and not under any of the sections referenced in the fee-shifting provision, Section 1117. Instead, Respondent FLCG recites that that their non-infringement is based on their non-violation of the sections under which fee-shifting is permitted in Section 1117. But, as discussed above, FLCG provides no support in case law for their implicit assertion that Section 1117 applies equally to claims of non-infringement as it does to claims of infringement. Furthermore, Respondent FLCG *has* defaulted on any argument that this is an "exceptional case," because they do not respond to Movant PACG's argument that this is *not* an exceptional case. *Compare* DE 31, 10 *with* DE 41, ¶ 29.

## IV. CONCLUSION

Thus, Counter-Defendant's Motion to Dismiss and Strike, DE 31, is granted in part and denied in part.

It is hereby **ORDERED AND ADJUDGED**

1. The Motion to Dismiss Count I of Counter-Plaintiffs' Counterclaim [DE 31, 6–8] is **DENIED**.

2. The Motion to Strike Counter-Plaintiffs' Claims for Attorney's Fees [DE 31, 9–10] is **GRANTED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 13th day of November, 2018.

Copies furnished to Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE